HOGAN LOVELLS US LLP
Anthony Basich (Bar No. 100224)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
Anthony.basich@hoganlovells.com

Attorneys for Defendant and Counterclaimant
Studiocanal S.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LICENSING GROUP LTD., a California Corporation,<br><br>    Plaintiff,<br><br> v.<br><br>STUDIOCANAL S.A., a French Corporation,<br><br>    Defendant.<br><hr>STUDIOCANAL S.A., a French Corporation,<br><br>    Counterclaimant,<br><br> v.<br><br>THE LICENSING GROUP LTD., a California Corporation,<br><br>    Counterdefendant. | Case No. 12-CV-02154 JGB (AGRx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

WHEREAS, the Court has reviewed the parties' Stipulation Re Protective Order dated January 23, 2013, and GOOD CAUSE appearing therefor,

IT IS HEREBY ORDERED THAT:

1. As used in this Order, "Litigation Materials" include: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript, including exhibits to any of these, or other writing containing such information.

2. Litigation Materials containing proprietary information, including confidential agreements, pricing, rates, customers/subscribers, company security matters, customer lists, financial data and other non-public commercial, financial, research or technical information, may be designated "Confidential" by any producing party or non-party.  Litigation Materials containing trade secrets, special formulas, proprietary software and/or computer programs, current or future marketing plans, current or future business plans or strategies, current or future plans for products or services, customer and subscriber data and information, agreements with third parties, information regarding current or future business or financial transactions, internal financial reports or plans, current or future pricing, rates or planning information, financial data, production data, internal notes, memoranda, logs or other data, and other highly sensitive nonpublic commercial, financial, research or technical information that the producing party or non-party believes, in good faith, should be afforded the highest level of confidentiality by the Court, may be designated "Highly Confidential" by any producing party or non-party.

3. All Litigation Materials provided (before or after entry of this Order) in discovery in connection with the above-captioned litigation ("this litigation"), and the contents thereof: shall be used or disclosed by the parties, their counsel, or anyone else provided with Litigation Materials pursuant to the terms of this order, solely for the purpose of the prosecution or defense of this litigation, including preparing for and conducting pre-trial, trial and post-trial proceedings in this litigation, and for no other purpose; shall not be used or disclosed for any business, commercial or competitive purpose; and shall not be used or disclosed in connection with any other litigation or proceeding. In addition, Litigation Materials designated "Confidential" or "Highly Confidential," and the contents thereof, shall not be disclosed other than as provided by the terms of this Order.

4. Any Litigation Materials that the producing party or non-party has properly made available to the general public prior to their production in this litigation or during the course of this litigation shall not be designated "Confidential" or "Highly Confidential," and this Order shall not limit or restrict a receiving party's use of information that: (a) was lawfully in the receiving party's possession prior to such information being designated as protected material in this litigation and that the receiving party is not otherwise obligated to treat as confidential; (b) was obtained (without any benefit or use of protected material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; (c) was independently developed by the receiving party after the time of disclosure by personnel who did not have access to the producing party's protected material; or (d) has been published to the general public.

5. Nothing in this Order affects the right of the party or non-party that produced Litigation Materials to use or disclose any Litigation Materials, or the contents thereof, in any way.

6. (a)(i) Any party or non-party may designate Litigation Materials, or portions thereof which are considered confidential or highly confidential by marking them "Confidential" or "Highly Confidential." In order to provide the parties adequate opportunity to designate Litigation Materials as "Confidential" or "Highly Confidential," all Litigation Materials produced in this case shall be deemed "Highly Confidential," whether or not stamped with that legend, for a period of fifteen (15) business days following production, unless the Litigation Materials are within the scope of paragraph 4 of this Order.

(ii) The failure to designate Litigation Materials as "Confidential" or "Highly Confidential" within that fifteen (15) business day period shall not waive a party's or non-party's right to later designate such Litigation Materials as "Confidential" or "Highly Confidential" with prospective effect. If Litigation Materials claimed to be "Confidential" or "Highly Confidential" are produced without that designation, such Litigation Materials and all copies thereof shall within five (5) days of any written notice requesting their return, be returned to the designating person for such designation, destroyed, or stamped "Confidential" or "Highly Confidential," as requested by the designating person. The receiving party may challenge the designation of the documents as provided in this Order, but the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be "Confidential" or "Highly Confidential" without that designation shall not constitute a waiver of confidentiality.

(b) For deposition testimony, counsel may invoke the protections of this Order by stating on the record during the deposition that testimony, or a portion of testimony, given at the deposition is designated "Confidential" or "Highly Confidential," or by designating the deposition transcript or portions thereof as "Confidential" or "Highly Confidential" within fifteen (15) business days after that counsel has received the version of the deposition transcript intended for signature by the deponent. All information disclosed during a deposition shall be deemed

1  "Highly Confidential" until the expiration of such fifteen (15) business day period
2  as to counsel for all parties, whether or not any portion of the transcript has been so
3  designated previously and thereafter shall remain "Confidential" or "Highly
4  Confidential," as applicable, if so designated.  After the expiration of such fifteen
5  (15) day period, any portions of deposition transcripts that were not designated as
6  "Confidential" or "Highly Confidential" shall not be deemed "Confidential" or
7  "Highly Confidential."  No person shall be present during any portion of any
8  deposition designated at the deposition as "Confidential" or "Highly Confidential'
9  or any portion of any deposition wherein "Confidential" or "Highly Confidential"
10 Litigation Materials are disclosed, unless that person is an authorized recipient of
11 Litigation Materials containing such "Confidential" or "Highly Confidential"
12 information under the terms of this Order.
13       7.   The party or non-party designating any Litigation Materials as
14 "Confidential" or "Highly Confidential" shall, in the first instance, determine in
15 good faith whether it constitutes "Confidential" or "Highly Confidential"
16 information covered by this Order.  Another party may object in good faith to such
17 "Confidential" or "Highly Confidential" designation.  The objecting party and the
18 other person(s) involved shall follow the provisions of Local Rule 37-1, *et seq.* of
19 the Central District of California in (a) their attempt to informally resolve their
20 designation dispute and (b) any motion practice before this Court should such
21 dispute not be resolved informally.  Any Litigation Materials, the designation of
22 which are subject to such dispute, shall be treated as designated pending further
23 order of the Court.  The person asserting the confidentiality of any such Litigation
24 Materials shall bear the burden of establishing that the Litigation Materials are
25 entitled to be classified as designated.
26       8.   If any Litigation Materials designated "Confidential" or "Highly
27 Confidential" pursuant to this Order are used during the course of a deposition, the
28 portion of the deposition record reflecting such "Confidential" or "Highly

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -    STIPULATED PROTECTIVE ORDER

\\LA - 083737/000038 - 1047118 v3

1  Confidential" information shall be designated as "Confidential" or "Highly
2  Confidential," and access thereto shall be limited pursuant to the terms of this
3  Order.

4    9. Litigation Materials designated or treated as "Confidential," copies or
5  extracts therefrom and the information contained therein, may be disclosed, given,
6  shown, made available, or communicated to only the following (and then only for
7  purposes of the prosecution, defense or appeal of this litigation):

8    (a) employees of the parties provided that they are deposition or
9  trial witnesses or are otherwise actively involved in the prosecution, defense or
10 appeal of this litigation and have execute the attached Schedule A;

11   (b) outside counsel retained by the parties to assist in the
12 prosecution, defense or appeal of this litigation, including employees of such
13 counsel's firms, and any companies, independent contractors or other litigation
14 support service personnel with whom such counsel works in connection with this
15 litigation;

16   (c) in-house counsel for the parties (and their paralegal, clerical
17 and/or secretarial assistants) who are actively involved in the prosecution, defense
18 or appeal of this litigation;

19   (d) consultants and/or experts retained by counsel or a party in
20 connection with this litigation to whom it is necessary that "Confidential"
21 Litigation Materials be shown for the sole purpose of assisting in, or consulting
22 with respect to, this litigation, and only upon their agreement to be bound by this
23 Protective Order evidenced by execution of the attached Schedule A;

24   (e) any person expressly identified in any "Confidential" Litigation
25 Materials as an author, a recipient, or having knowledge of the "Confidential"
26 Litigation Materials, and any person for whom a reasonable foundation may be laid
27 that he or she is an author, a recipient, or has knowledge of the "Confidential"
28 Litigation Materials;

  (f) any person employed by the party that produced the "Confidential" Litigation Materials;

  (g) the Court in this litigation, and any members of its staff to whom it is necessary to disclose Confidential Litigation Materials for the purpose of assisting the Court in this litigation;

  (h) stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation;

  (i) other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

10. Litigation Materials designated or treated as "Highly Confidential," copies or extracts therefrom and the information contained therein, shall be treated as "Attorneys' Eyes Only" and may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

  (a) outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation);

  (b) consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Highly Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

  (c) any person expressly identified in any "Highly Confidential" Litigation Materials as an author, a recipient, or having knowledge of the "Highly

Confidential" Litigation Materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Highly Confidential" Litigation Materials;

   (d) any person employed by the party that produced the "Highly Confidential' Litigation Materials;

   (e) the Court, and any members of its staff to whom it is necessary to disclose "Highly Confidential" Litigation Materials for the purpose of assisting the Court in this litigation;

   (f) stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation;

   (g) other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

  11. Nothing in this Order shall allow non-testifying experts and consultants to be deposed or otherwise be the subject of discovery other than as provided under the Federal Rules of Civil Procedure.

  12. (a) Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on "Confidential" or "Highly Confidential" Litigation Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the specific substance of Litigation Materials so designated except as otherwise allowed in this Order.

   (b) If, at any time, any Litigation Materials in the possession, custody or control of any person other than the person who originally produced such Litigation Materials are subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person to whom the subpoena or request is directed shall immediately provide written notice to each person who

1  originally produced such Litigation Materials or designated them "Confidential" or
2  "Highly Confidential."

3      13.    Except as agreed in writing by counsel of record, or as ordered by the
4  Court, Litigation Materials designated or treated as "Confidential" or "Highly
5  Confidential" shall be submitted and/or filed under seal in accordance with Local
6  Rule 79-5.

7      14.    Nothing herein shall prevent any of the parties from using
8  "Confidential" or "Highly Confidential" Litigation Materials in any trial in this
9  litigation or from seeking further protection with respect to the use of any
10 "Confidential" or "Highly Confidential" Litigation Materials in any trial in this
11 litigation. Means to preserve the confidentiality of Litigation Materials presented at
12 any trial of this matter shall be directed to the judicial officer conducting the trial
13 for consideration and implementation prior to the beginning of such trial.
14 "Confidential" or "Highly Confidential" Litigation Materials that are not received
15 into evidence at trial shall retain their "Confidential" or "Highly Confidential"
16 status under this Order.

17     15.    The terms of this Order shall apply to all manner and means of
18 discovery. The provisions of this Order may be modified at any time by stipulation
19 of the parties, approved by order of the Court. In addition, a party may at any time
20 apply to the Court for modification of this Order. Nothing in this Order shall
21 constitute (a) any agreement to produce in discovery any testimony, document or
22 other information; (b) a waiver of any right to object to or seek a further protective
23 order with respect to any discovery or other matter in this or any other litigation; or
24 (c) a waiver of any claim or immunity, protection, or privilege with respect to any
25 testimony, document or information.

26     16.    In the event that Litigation Materials designated or treated as
27 "Confidential" or "Highly Confidential" are disclosed to someone not authorized to
28 receive such information under this Order, counsel of record for the party making

1 that disclosure shall, promptly upon learning of such disclosure, give notice to
2 counsel of record for the designating person and to counsel of record for the
3 producing person (if different), and shall describe the circumstances surrounding
4 the unauthorized disclosure.

5    17. If any person inadvertently produces in discovery any information
6 subject to attorney-client privilege, work product doctrine or any other privilege,
7 protection, or immunity ("Privileged Information"), and the requirements of Federal
8 Rule of Evidence 502(b) have been satisfied, the producing person may (within ten
9 (10) days of learning of such production) notify the receiving party(ies) in writing
10 of such inadvertent production (identifying the Privileged Information and stating
11 the basis on which the identified Privileged Information should have been withheld
12 from production), and seek the return and/or destruction of such information as set
13 forth below. Upon such notification: the receiving party(ies) shall promptly return
14 to the producing person or shall destroy all such information (including, without
15 limitation, all originals and copies of any documents containing or comprising such
16 information); the information (including, without limitation, all originals and copies
17 of any documents containing or comprising such information) shall continue to be
18 privileged, protected, and/or immune; and the receiving party(ies) shall not make
19 any use of such information (including, without limitation, all originals and copies
20 of any documents containing or comprising such information), or disclose such
21 information to anyone unless and until the claims of privilege and inadvertent
22 disclosure are resolved against the producing person. The receiving party(ies) shall
23 promptly provide to the producing person a written certification of the complete
24 return or destruction of such information (including, without limitation, all originals
25 and copies of any documents containing or comprising such information); provided
26 that, to the extent any receiving party has incorporated any such information in its
27 own work product, it may (instead of providing such work product to the producing
28 person) destroy such information incorporated in that work product and promptly

certify to such destruction.  Nothing herein, however, shall preclude the receiving party(ies) from subsequently challenging that such materials are privileged, or that any such privilege has not been waived.

18. Upon termination of this litigation and the request of the producing person, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Litigation Materials shall, within thirty (30) days, be returned to the person who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing person), or shall be destroyed (together with a written certification of the complete destruction of the Litigation Materials), or shall otherwise be disposed as may be mutually agreeable among the applicable persons.  The obligation to return/destroy Confidential (as opposed to Highly Confidential) materials shall be limited to reasonable efforts.  Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order.   Notwithstanding the provisions of this paragraph, inaccessible copies of confidential or proprietary material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed.

19. This Order shall remain in force and effect until modified, superseded or terminated by agreement of the parties hereto or by order of the Court.  The termination of this action shall not relieve the parties from complying with any limitations imposed by this Order, and the Court shall retain jurisdiction to enforce this Order.

20. The entry of this Order does not prevent either party from seeking a further order of this Court pursuant to the Federal Rules of Civil Procedure.

SO ORDERED

Dated: 1/31/13

_____
Hon. Jesus G. Bernal
United States District Judge

Schedule A

By my signature, I hereby acknowledge that I have read the Stipulated Protective Order, dated January __, 2013 (the "Protective Order") entered in *The Licensing Group Ltd. v. Studiocanal S.A.*, Case No. 12-CV-02154 JGB (AGRx), pending in the United States District Court for the Central District of California and hereby agree to be bound by the terms thereof. I further agree that to the extent that my employees are provided with "Confidential" and/or "Highly Confidential" Litigation Materials, I will instruct such employees regarding the terms of the Protective Order. I further agree to subject myself to the jurisdiction of the United States District Court for the Central District of California with respect to all matters relating to compliance with the Protective Order.

Dated: _____

City and State: _____

Signature: _____

Title: _____

Address: _____

_____

_____